*300 Opinion of the Court by
Judge Owsley.
This is a contest between adverse claimants to land; the claim of each originating under he laws of this State, and founded upon certificates of settlement granted by the county court of Christian.
Cates being the elder patentee, and having recovered in ejectment, Shrowyer filed his bill in enquity for relief, claiming under Andrew Reed, to whom, he. alleges a certificate was granted by the county court of Christian, for four hundred acres of land, containing the following location:

"Christian County Court,

February Term. 1803.
“No. 1075. Andrew Reed locates four hundred acres of land on the wafers of Little river; beginning at three Post oaks, thence south, ten degrees west, two hundred and ninety two poles ; thence south, eighty degrees east, two hundred and nineteen poles, and at right angles for quantity, to include his improvement."
This certificate was surveyed the 28th day of February, 1803, and afterwards patented to Reed under whom Shrowyer claims.
Cates claims under the following certificate;
" Christian Count, Court,
May 11th, 1802.
“William Hargis is entitled to three hundred acres of land, by virtue of his having settled the same agreeable to an act of Assembly, and located as follows, to wit: William Hargis enters three hundred acres of land, beginning at a Post oak, running so as to include the prairara, going by the name of Widow’s field.”
The land contained in this certificate, was sold on the 13th day of November. 1813, by the Register of the Land Office, to the State, for the second *301 instalment and was redeemed on the 24th of September, 1814, in the mode provided by law. It was again sold for the third instalment, and Mark Hardin became the purchaser. Hardin afterwards sold it to Cates, in whose name the survey was made, and the patent issued in 1815
Decree of the circuit court.
Certificate of the county court, that "A. R. locates," held equal to, "is entitled to," &c.
Call for the improvement of the grantee—on which it appeared he resided, is sufficient.
Call for Post Oaks, not saying whether marked, not good.
On hearing, the court below dismissed Shrowyer’s bill, and dissolved his injunction with costs. From that decree. Shrowyee has appealed.
The first question proper to be noticed, involves an inquiry into the sufficiency of the location contained in the certificate granted by the county court to Reed, under whom Shrowyer claims.
An objection was also taken in argument to the certificate, on the ground of its not containing an express grant to Reed; but we shall pass over that objection by remarking, that although there is not an express grant contained in the certificate, it is but rational to presume, that the court adjudged Reed to be entitled to four hundred acres of land, from the fact of his having been permitted to locate that quantity of acres in court.
But conceding that the objection which was taken to the certificate is untenable, we concur with the court below in the opinion, that the location contained in the certificate can not be sustained.
The improvement called for is sufficiently identified, and from the fart of Reed’s residence upon the land when the certificate was granted, the improvement must be presumed notorious at that date.
But there is nothing in the location that goes to give such certainty and precision to the beginning called for, as to enable subsequent adventurers, with safety, to appropriate the vacant residuum. Such as should he disposed to appropriate vacant land might discover from the location, that the beginning was on three Post oaks, but they would be unable from thence to earn whether or not the three post oaks were mark it, and if not marked, they would possess no means of distinguishing the post oaks intended for the beginning from other *302 trees of the same sort. Possessing, therefore, no means of distinguishing the trees called for as the beginning from others, subsequent locators can not be said to derive from the location that sort of information which is necessary to enable them to avoid it. And if we advert to the evidence in tire cause, it will be discovered, that instead of obviating the uncertainty in the location, the embarrassments to subsequent adventurers will be increased. For there is not only a total absence of proof upon the subject of any post oaks being marked at the date of the certificate, but it is clearly proved, that in the vicinity of the post oaks, at which the survey of Reed was made to begin, there are other posit oaks which equally well fit the call of his location.
Actual settlement relied on by Shrowver.
Possession.
Length of possession is a legal bar to the action at law, and cannot be relied on to enjoin the judgment.
Under these circumstances, therefore, we have no hesitation in saying, that the location of Reed is insufficient.
But admitting the location not to. be sufficient to authorize relief against an elder legal title, regularly derived under a certificate, of settlement, it was contended, that under the circumstances of this case, relief should be extended to Shrowyer against the title held by Cates: 1st, because the location of Reed had been surveyed and was settled upon, add actually occupied by Reed or those claiming tinder him, when the land claimed by Cates was sold for the second enstalment due thereon by the Register, and when it was afterwards redeemed.
And 2nd, because Shrowyer and those claiming under him, had been actually possessed of the land before the commencement of the ejectment by Cates, sufficiently long to protect him against the claim of Cates, both at law and in equity.
With respect to this latter argument, we would remark that the length of Shrowyer’s possession can afford no ground for his application to a court of equity. If his possession is of the sort that comes within the provisions of any law limiting the? time of making entries, or bringing actions "or suits for land, he should have availed himself of it on the trial at law,-and not have laid by until after *303 judgment, and then founded his application for relief in equity, upon his length of possession. The lapse of time prescribed by the Statute of limitations is a legal protection to the possession, and by the person in possession should be employed is defence of any action brought against him at law. If the possession has been of a sort that is effectual under the statute, it creates a legal bar, and of course is a matter of legal cognizance, and not properly the subject of equitable interposition, to relieve against the judgment at law.
After a sale to the State for an instalment, the owner bad 11 months to redeem, before a forfeiture was incurred—in 1814—Until a forfeiture, the actual settler under an adversary claim, was not protected against the effect of a redemption.
Diversity between this case and Dallam vs. Handley, 2 Mar. 418.
The other argument assumes for its base the erroneous position, that after land granted by the county court under the laws of this State, for the appropriation of vacant laud, is stricken off to (be State at the Register’s sale for any instalment doe to the State, that as respects the adverse claims of others who actually reside upon the land, any subsequent redemption of the laud, so stricken off, will be inoperative; and that any survey or patent, fun’ afterwards made or obtained, will be actually void; and in support of that position, we were referred to the case of Dallam vs Handley, 2 Marshall, 418.
But it will be discovered by adverting to the law in force when the land claimed by Cates was stricken off to the state for the instalment then due, that, the owner of the land had eleven months to redeem the same; and it appears from the proof in the cause, that the land was redeemed within that time, so that there was, in fact, no forfeiture of the land fora failure to redeem in the time proscribed by law; and by the provisions of the law then in force, it was only where there was a forfeiture for failing to redeem within the proper time, that the redeemed claim is pronounced invalid, as to the claim of persons actually settled upon the land.
The decision in the case to which we were referred in argument, contains nothing incompatible with this construction of the act. For in that case, there was not only a assure to redeem within the time allowed by the law in force when the land was stricken off to. the Stale, but the redemption was also *304 made after the. passage of other arts, not in force in 1814, when the claim under which Cates holds was redeemed.
Denny for appellant; Crittenden for appellee.
Other questions were made in argument, but they are all either so obviously untenable or unsupported by any legal proof, that we have not thought them worthy particular notice.
The decree must be affirmed with cost.